UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| In re. Application of<br>GEORGE W. SCHLICH<br>for Order to Take Discovery<br>Pursuant to 28 U.S.C. 1782 | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>1:16-91278-FDS |

## ORDER CONCERNING SUPPLEMENTAL BRIEFING

This action is brought pursuant to 28 U.S.C. § 1782 to take discovery in connection with a proceeding pending before the European Patent Office. The applicant, George Schlich, on behalf of Intellia Therapeutics, Inc., has petitioned the Court to authorize discovery from respondents The Broad Institute, Feng Zhang, Le Cong, and Naomi Habib concerning the invention of the disputed technology, a biotechnology tool known as the CRISPR/Cas9 system. On October 24, 2016, the Court heard oral argument regarding the petition.

Whether the requested discovery should be permitted depends on whether the technical requirements of § 1782 have been met and, if so, whether the Court should exercise its discretion in favor of the allowance of the discovery, after considering the factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004). One of the factors that the Intel court identified as "bear[ing] consideration" is "the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* at 264.

The present dispute centers on an affidavit submitted to the EPO on behalf of respondent The Broad Institute, Inc., from Thomas Kowalski, a registered patent attorney. The Kowalski affidavit states, in substance, that he conducted an investigation into the inventorship of the

technology at issue and that, in his opinion, the inventors were correctly identified. Intellia contends that by submitting that affidavit to the EPO, Broad waived the attorney-client privilege as to the Kowalski investigation, and that it should be permitted to conduct discovery on the issue of the identity of the inventors. If the inventors were not correctly identified, it may (at least in the United States) affect the validity of the patents and/or the ability of Broad to claim priority from the relevant patent applications.

In the oral argument of this matter on October 24, an apparent dispute arose as to whether the European Patent Office is authorized to consider the issue of inventorship in the opposition proceeding pending before it, and if so, to what purpose. That issue was not addressed in the briefs filed by the parties prior to the hearing. In addition, the circumstances under which the Kowalski affidavit was prepared and submitted to the EPO were unclear, at least to the Court. Under the circumstances, it is not clear to the Court whether the EPO would be receptive to the assistance of this Court in conducting the requested discovery.

Accordingly, the parties are hereby directed to file supplemental briefs to address the issues raised in this Order, including the questions (1) why the Kowalski affidavit was submitted to the EPO, (2) whether the EPO has the authority or jurisdiction to resolve issues of inventorship in the pending proceeding, and (3) if it does not have such authority or jurisdiction, how the EPO would be receptive to this Court's assistance in providing the requested discovery. Any such supplemental briefs shall be filed on or before November 15, 2016. The parties are directed not to repeat arguments raised in their initial briefs except to the extent necessary to develop the issues.

**So Ordered.**

                                                                /s/ F. Dennis Saylor  
                                                                F. Dennis Saylor IV  
Dated:  November 1, 2016                    United States District Judge