# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re Application of ) | |
| **GEORGE W. SCHLICH** ) | Civil Action No. |
| for Order to Take Discovery ) | 16-91278-FDS |
| Pursuant to 28 U.S.C. § 1782, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM AND ORDER ON PETITION FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

**SAYLOR, J.**

This is an action brought pursuant to 28 U.S.C. § 1782 to take discovery in connection with an Opposition proceeding pending before the European Patent Office. The petitioner, George Schlich, who is proceeding on behalf of Intellia Therapeutics, Inc., has petitioned for an order authorizing discovery from respondents The Broad Institute, Feng Zhang, Le Cong, and Naomi Habib concerning the invention of the disputed technology, a biotechnology tool known as the CRISPR/Cas9 system.

For the following reasons, the petition will be denied without prejudice.

**I.      Background**

Petitioner Schlich requests discovery in connection with a proceeding before the European Patent Office ("EPO"). The proceeding is an Opposition proceeding related to EPO-issued patents for an invention known as the CRISPR/Cas9 system. According to the petition, CRISPR/Cas9 provides scientists with a relatively inexpensive and precise method for editing DNA for the purpose of biological and medical research. (Pet. Mot. at 1). The technology has

been hailed as a "breakthrough" and a "game changer," and has potential application for developing treatments for a wide variety of genetic diseases. (Pet. Ex. at 8, 9).

Schlich, a European patent attorney, has brought this action as an agent for the real party in interest, which is Intellia Therapeutics, Inc. (Schlich Dec. ¶¶ 1, 7).[1] Intellia is a genome-editing company co-founded by Jennifer Doudna of the University of California, Berkeley. (Pet. Ex. 11). Schlich contends that Doudna and her collaborator, Emmanuelle Charpentier, invented CRISPR/Cas9 and first published the findings in a 2012 article in the journal *Science*. (Pet. Ex. 12, 10).

Respondents contend that The Broad Institute, Inc. and Broad scientists are the rightful inventors of CRISPR/Cas9. Broad is a non-profit, biomedical and genomic research institute affiliated with the Massachusetts Institute of Technology, Harvard University, and Harvard Hospitals. (Resp. Ex. F). Respondents Feng Zhang, Le Cong, and Naomi Habib are listed applicants on provisional patent applications for CRISPR/Cas9 to which Broad claims priority.

Beginning in 2012, Intellia and Broad filed a series of competing patent applications for the CRISPR/Cas9 technology in the United States and abroad. On May 25, 2012, Doudna and others filed provisional patent application number 61/652,086 with the U.S. Patent and Trademark Office ("PTO"). (Pet. Ex. 14). On December 12, 2012, Broad filed provisional patent application number 61/736,527 ("the '527 provisional application") with the PTO, listing respondents Zhang, Cong, and Habib as inventors, along with Luciano Marraffini of the Rockefeller Institute. (Schlich Dec. Ex. A). On January 2, 2013, Broad filed another provisional application, number 61/748,427 ("the '427 provisional application"), listing the same inventors. (*Id.,* Ex. B). On December 11, 2013, and May 1, 2014, Broad filed requests with the PTO to add

---

[1] As is customary under EPO procedure, Schlich filed Oppositions to Broad's European patents in his own name, and therefore is the named applicant here. (Schlich Dec. ¶ 7).

four additional inventors—David Benjamin Turitz Cox, Patrick Hsu, Shuailiang Lin, and Fei Ran—to the '427 and '527 provisional applications. (*Id.*, Ex. C-D).

On December 13, 2013, Broad filed a series of priority patent applications and ten Patent Cooperation Treaty ("PCT") applications claiming the invention of CRISPR/Cas9. (*Id.,* Ex. F, Annex 1). These applications resulted in the issuance of Broad patents, including European Patent numbers 2 771 468 B1, EP 2 784 162 B1, EP 2 896 697 B1, and EP 2 764 103 B1 ("the challenged patents"). (Schlich Dec. ¶ 4). The first three of these, EP 2 771 468 B1, EP 2 784 162 B1, and EP 2 896 697 B1, list Feng Zhang, Le Cong, Patrick Hsu, and Fei Ran as inventors. (*Id.,* Ex. F, Annex 1). EP 2 764 103 B1 lists Feng Zhang as the sole inventor. (*Id.*). The patents do not list Habib or Marraffini as inventors, although those individuals were included on the original and amended provisional applications. Similarly, they do not list Cox and Lin, although they were included on the amended provisional applications. (*Id.*). Cong, Hsu, and Ran were omitted from the last patent, which lists Zhang alone. (*Id.*). All four of the challenged patents claim priority to the provisional applications. (Schlich Dec. ¶ 8).

Beginning in October 2015, Schlich filed four Oppositions seeking revocation of the challenged patents on several grounds. (*Id*. ¶ 4). The only contested issue relevant to the present petition is whether the challenged patents are entitled to priority to the filing date of the provisional applications. (*Id.* ¶ 12). Schlich contends that Broad's priority claim fails because in order to claim priority under European law, the applicants on a final application must be identical to the applicants on a provisional application, or must be the provisional applicants' successors in interest. (Ferguson Dec., Ex. 28 ¶¶ 53-54). Here, the challenged patents claim priority to the provisional applications, but do not list applicants identical to those listed on the provisional applications. (Schlich Dec. ¶ 12).

In the Opposition proceeding, Broad has argued that United States law applies to determine whether its patent applications can claim priority to the provisional applications because the provisional applications were filed in the United States. (*Id.*, Ex. E ¶¶ 173-180). Broad contends that under United States law, provisional applications may disclose multiple inventions and list multiple inventors, and that every inventor need not have contributed to every invention. (*Id.* ¶ 197). Here, the ten PCT applications filed by Broad claim priority to the provisional applications. (*Id.* ¶ 198).

In order to determine which of the provisional applicants should be listed as inventors on each invention disclosed in the PCT applications, Broad undertook an inventorship study. (*Id.* ¶ 201). Broad submitted a declaration to the EPO by the attorney who performed the study, Thomas Kowalski. (Kowalski Dec.). The Kowalski declaration states that the inventors were correctly identified on the PCT applications pursuant to his obligations under United States patent law. (*Id.* ¶¶ 1, 17-18). It further states that he drew conclusions about inventorship in good faith, after speaking with the applicants and others at Broad and reviewing documents concerning inventorship. (*Id.* ¶¶ 5-10, 15). It concludes:

> [C]onsidering the matters discussed and materials provided by the individuals interviewed and their explanations given during these interviews, I affirmatively state and confirm that the applicants and inventors are correctly identified on the PCT applications as set out . . . above.

(*Id.* ¶ 18). Broad did not provide any of the substantive documents or information underlying that conclusion in connection with the Opposition proceeding.

In the present petition, Schlich seeks to take discovery related to the inventorship contributions that led to Kowalski's conclusions. Specifically, Schlich seeks documents and deposition testimony from respondents concerning the contributions of inventors named on the

challenged patent applications and in Kowalski's inventorship study. (Pet. Ex. 2-7).[2]

## II.   Analysis

Under 28 U.S.C. § 1782, a United States district court may order a person to give "his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." The statutory requirements for such an order are that (1) the person from whom discovery is sought "resides or is found" in the district in which the court sits; (2) the material is intended for use in "a foreign or international tribunal;" (3) the applicant is an "interested person" in the foreign proceeding; and (4) the material is not protected by "any legally applicable privilege." 28 U.S.C. § 1782(a); *see also In re Hanwha Azdel, Inc.*, 979 F. Supp. 2d 178, 180 (D. Mass. 2013).

Even where these statutory factors are met, the court's power to order such discovery is discretionary. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In *Intel*, the Supreme Court identified four factors to consider when making that discretionary decision: (1) "whether the person from whom discovery is sought is a party to the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal-court assistance;" (3) "whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal;" and (4) "whether the request is overly intrusive or burdensome." *In re Hanwha Azdel, Inc.*, 979 F. Supp. 2d 178, 180 (D. Mass. 2013) (quoting *In Re: Application of Chevron Corp.,* 762 F. Supp. 2d 242, 246 (D. Mass. 2010)).

---

[2] This petition is one of multiple disputes in the United States and abroad concerning CRISPR/Cas9 patents. Among other things, Schlich has filed another § 1782 petition in the United States District Court for the Southern District of New York for discovery from, among others, Thomas Kowalski and the fourth applicant listed on the provisional applications, Luciano Marraffini. *See In Re: Application of George W. Schlich for Order to Take Discovery Pursuant to 28 U.S.C. 1782*, 1:16-mc-00319-P1 (S.D.N.Y.).

A. **Statutory Factors**

Here, it is undisputed that the first three statutory factors are met. First, Broad is a Massachusetts nonprofit corporation with a principal office in Cambridge, Massachusetts. (Pet. Ex. 16). The individual respondents (Habib, Cong, and Zhang) are all Broad employees. (Pet. Ex. 17-19). Second, the material is requested for use in a pending Opposition proceeding before the EPO. *See Akebia Therapeutics, Inc. v. Fibrogen, Inc*., 793 F.3d 1108, 1111 (9th Cir. 2015) (finding that the EPO is a "foreign tribunal" for the purposes of § 1782). Third, Schlich, as an agent for Intellia, is a party to that proceeding and therefore qualifies as an "interested person" for the purposes of this § 1782 petition.

The parties dispute whether the fourth statutory factor—that is, whether the material is privileged—has been met. Respondents contend that the material sought is protected by the attorney-client privilege (as well as the attorney work-product doctrine). They argue that Schlich seeks discovery of confidential information provided by Broad and its researchers for the purpose of receiving legal advice regarding inventorship, and documents prepared by counsel in preparation for the inventorship investigation, including notes, interview summaries, and memoranda. Schlich contends that either the requested documents were never privileged, or that the privilege has been waived because Broad put Kowalski's inventorship study at issue in the Opposition proceeding by using it to establish that the correct applicants were named in the PCT applications.

It appears likely that the attorney-client privilege has been waived at least to some extent. It is well-established that a party cannot make affirmative use of otherwise-privileged information for its own benefit without waiving its right to claim the protection of the privilege as to that subject matter. *See In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ*

*Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003). It is not necessary, however, to decide the parameters of that waiver. Instead, the Court will simply assume, without deciding, that at least some of the material is not protected by the privilege. The Court will next turn to the second part of the inquiry.

### B. Discretionary Factors

As the Supreme Court has stated, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Applying the four *Intel* factors, the Court finds that discovery is not warranted in this case, primarily because it does not appear that the foreign tribunal would be receptive to the requested evidence.

#### 1. Respondent is a Party to the Foreign Proceeding

The Court must first look to whether the person from whom discovery is sought is a participant in the foreign proceeding. *Id.* If so, the need for the Court's assistance in providing discovery "generally is not as apparent," because the "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*

Here, the evidence sought is from Broad and its employees. Broad is a party to the foreign proceeding. Schlich contends that the "key issue" is not whether there is identity between the parties in the foreign proceeding and the § 1782 petition, but whether the material sought in discovery "is obtainable through the foreign proceeding." *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015), *reconsideration denied sub nom. Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015) (quoting *In re Application of OOO Promnefstroy,* 2009 WL 3335608, *5 (S.D.N.Y. Oct.15, 2009)).

Schlich contends that the EPO has no discovery procedures to obtain the evidence requested in this § 1782 petition, and therefore this factor weighs in favor of granting the petition.

However, all of the cases Schlich cites in support of that contention deal with a situation largely opposite from the present one.  In those cases, courts found that this factor weighed against granting a § 1782 petition, notwithstanding the fact that the respondent to the petition was not legally identical to a party in a foreign proceeding, because there was a strong enough relationship between the respondent and the party to treat them as identical.  *See id.*  (finding that discovery sought from company director was within the jurisdiction of the foreign tribunal where the company was a party to the proceeding); *In re Application of OOO Promnefstroy*, 2009 WL 3335608, at *6-7 (finding that information sought from company board member was within the jurisdiction of the foreign tribunal where the company was controlled by parties to the foreign proceeding); *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 193-94 (S.D.N.Y. 2006).  Those cases found that the relevant inquiry was whether the "petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity."  *Macquarie Bank Ltd.*, 2015 WL 3439103, at *6.

Here, Schlich seeks to extend this logic to a situation in which the respondent is a named party in the foreign proceeding, arguing that the discovery is nevertheless outside the tribunal's jurisdiction because it lacks procedures for mandating discovery.  However, that argument appears to conflate this factor with the following factor, which requires the Court to consider the nature of the tribunal and proceeding.  The fact remains that Broad is a party to the foreign proceeding, whether or not the foreign tribunal has adequate discovery procedures.  And although the individuals in question are not named parties in that proceeding, the information sought from them relates to their employment with Broad, so appears to come within the EPO's

jurisdiction.

In short, Broad is a named party to the EPO proceeding, and the information sought from its employees appears to be within the EPO's jurisdiction. This factor therefore weights in favor of denying the petition.

### 2. The Character of the Foreign Proceeding and Receptivity to U.S. Assistance

Next, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

The requested discovery relates to the issue of inventorship. It appears that the EPO generally does not determine inventorship or resolve inventorship disputes in Opposition proceedings. (Second Kinkeldy Dec. ¶¶ 9-10). Instead, that task is left to national courts, which determine inventorship in entitlement challenges. (*Id.* ¶¶ 10-11). Accordingly, a party's request for discovery related to inventorship would normally appear to have no place in an EPO Opposition proceeding, because the EPO does not have authority to invalidate a patent on the basis of inventorship.

Schlich, however, contends that this is not an ordinary case. According to Schlich, Broad has put inventorship at issue by asserting that United States law controls the question of "[w]ho is deemed to have filed [the] application" that claims priority to a certain date. (Schlich Dec., Ex. E. ¶ 165 C). In order to prevail in the Opposition proceeding, Broad must succeed in that choice-of-law argument; that is because under European law, the applicants named on the provisional application must be identical to those named on the final application to claim priority. Again, the challenged patents list inventors that are not identical to those listed on the

9

provisional applications.

In support of the contention that Broad has put inventorship at issue through its choice-of-law argument, Schlich points to multiple places in Broad's response to the EPO Opposition in which it contends that under U.S. law, patent applicants can claim priority to an earlier-filed provisional application only if those applicants are the rightful inventors.[3]  For example, in its response to the Opposition, Broad argued that

> all inventors who contributed to any of the inventions disclosed anywhere in the application (either in the description, drawings or the claims) . . . should be listed as an applicant. . . . Likewise, *an applicant can only lawfully claim a priority right in respect of the invention to which s/he has contributed* . . .

(*Id.* ¶ 165 G) (emphasis added).

To understand whether Broad has put the substantive correctness of Kowalski's inventorship determination at issue, it is important to understand exactly what Broad is arguing and why.  Broad contends that "U.S. law . . . provides for *separable* rights of priority.  An applicant of a provisional application only holds a priority right in respect of the invention to which s/he has contributed."  (*Id.* ¶ 193).  Broad made that argument to rebut the challenge that the PCT applications cannot claim priority to the provisional applications.  If the EPO accepts Broad's choice-of-law argument, it will not need to determine whether Kowalski's inventorship study is substantively correct in order to resolve the narrow question of whether the PCT application can claim priority to the filing date of the provisional application.  That is because, under U.S. law, whether the correct inventors are named is irrelevant for the purpose of deciding

---

[3] In the United States, an inventor may file a provisional application that includes only a specification and a drawing of the claimed invention in order to set an early date to which he or she can claim priority. 35 U.S.C. S. 111(b)(1).  Unlike a final patent application, a provisional application does not require the inventor to list a claim. 35 U.S.C. S. 111(b)(2).  An inventor must file a final patent application within a year of the provisional application to claim priority to the provisional application. 35 U.S.C. S. 111(b)(5); 35 U.S.C. S. 119.  The final application must include "the name of the inventor for any invention claimed in the application," along with an oath by the inventor that he or she "believes himself or herself to be the original inventor." 35 U.S.C. S. 115(a-b).

10

whether the application can claim priority to the provisional filing date. More precisely, the PTO presumes that the named inventors are correct in order to establish the right to claim priority to a filing date of an application. 35 U.S.C. § 782; *see also, Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002) ("because a patent is presumed valid, there follows a presumption that the named inventors are the true and only inventors").

Whether the correct inventors are named on the patent is, of course, relevant under U.S. law for the purpose of determining whether the patent is valid. The United States district courts have jurisdiction to invalidate patents that fail to name the correct inventors. *See Trovan*, 299 F.3d at 1301 ("A patent is invalid if more or less than the true inventors are named."). However, under U.S. law, an applicant may correct the listing of inventors listed on an issued patent without jeopardizing the priority date of the patent. *See* 35 U.S.C. § 256 ("The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected"); 37 C.F.R. § 1.324 (permitting amendments of inventorship for issued patents and prescribing procedures for so doing); 37 C.F.R. § 1.48 (same for pending applications).

Thus, it appears that the EPO would not be receptive to the evidence as to which discovery is sought, because the EPO will not make a determination as to inventorship in the Opposition proceeding. And that is true whether Broad's arguments in that proceeding are successful or not. While it is true that the Opposition Division of the EPO has considered evidence received through a § 1782 action on at least one occasion, the evidence was relevant to the EPO's decision in that case. (Schlich Dec. ¶¶ 22-23).

In short, Broad has not demonstrated why the evidence sought here is relevant to the Opposition proceeding, and therefore it has failed to show that the EPO would be receptive to the

Court's assistance. Accordingly, this factor weighs strongly in favor of denying the petition.

### 3. Circumvent Foreign Proof-Gathering Restrictions

Under the third *Intel* factor, the Court must consider whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. While it is true that the discovery petitioner seek would not be available under the EPO's discovery procedures, this factor does not require that the petition request discovery that is available under foreign discoverability rules. *Id.* at 260-62. The primary inquiry is whether the discovery is being requested in bad faith. *Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 262 (D. Mass. 2010).

Here, respondents repeatedly assert that Schlich brings this claim in order to "craft[] its global strategy against Broad's patents." (Resp. Opp. at 9). However, respondents have provided no evidence to support that allegation. Schlich's request is not obviously frivolous, and it does not appear that he is seeking the discovery for improper means. Accordingly, this factor weighs in favor of granting the petition.

### 4. Unduly Burdensome

Under the last *Intel* factor, the Court must consider whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Such requests "may be rejected or trimmed." *Id.*

Respondents contend that the materials requested include confidential, proprietary information, such as ongoing research data and suggestions for further lines of inquiry. They further contend that Broad would be harmed by sharing this information with Intellia, a competing company, and that EPO does not have procedures to keep this information confidential if it were submitted. However, respondents do not contend that all of the

information sought is confidential or would be damaging if revealed.  Under *Intel*, the Court clearly has the power to "trim" requests.  Broad's concerns could be adequately addressed using narrowly tailored discovery requests and a protective order issued by this Court.

Respondents further argue the volume of documents sought is unduly intrusive and burdensome, and that complying with this request will interfere with Broad's important work as a non-profit research institution.  Without focusing on the specifics of the request, as a general proposition that argument is unpersuasive.  As long as Broad is involved in litigation concerning the inventorship of the technology at issue, it is highly likely that many of the requested documents will be produced at some point, in some form, in a future proceeding.  The request does not unduly burden Broad simply because it may be conducting other important research.

## III.     Conclusion

On balance, and after considering the *Intel* factors, the Court concludes that the petition to take discovery under 28 U.S.C. § 1782 should be denied.  Among other things, Schlich has not demonstrated that the EPO would be receptive to the requested assistance, because the evidence in question does not appear to be relevant to the Opposition proceeding.  Accordingly, the Court will deny the petition.

That denial is without prejudice to renewal of the petition under appropriate circumstances.  Among other things, the Court's ruling is based upon certain assumptions as to how EPO proceedings are conducted in general, and what issues will be resolved by the EPO in this specific Opposition proceeding.  If it becomes clear that the EPO proceeding takes a different course than anticipated by the Court, that the EPO would in fact be receptive to the assistance of the Court in providing discovery, or that fairness otherwise requires that the decision should be reconsidered, the petition may be renewed.  *See, e.g., In re Babcock Borsig*

*AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) (denying petition "until if and when the [foreign tribunal] provides some affirmative indication of its receptivity to the requested materials").

For the foregoing reasons, the petition of George W. Schlich for an order to take discovery pursuant to 28 U.S.C. § 1782 is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 9, 2016