UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re Application of** )<br>**GEORGE W. SCHLICH** )<br>for Order to Take Discovery )<br>Pursuant to 28 U.S.C. § 1782, )<br>)<br>**Petitioner.** )<br>) | Civil Action No.<br>16-91278-FDS |

## ORDER ON MOTION FOR RECONSIDERATION

**SAYLOR, J.**

On September 2, 2016, petitioner Schlich brought this application pursuant to 28 U.S.C. § 1782 seeking an order permitting it to conduct discovery for use in an opposition proceeding pending before the European Patent Office ("EPO"). On December 9, 2016, the Court denied the application. Memorandum and Order, Docket No. 37 (Dec. 9, 2016). On January 6, 2017, petitioner moved for reconsideration of that order under Fed. R. Civ. P. 59(e).

A motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 81–82 (1st Cir. 2008). A Rule 59(e) motion is not an appropriate means to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir. 1990).

Petitioner's application sought discovery "solely concerning the priority and ownership claims of the [c]hallenged [p]atents put at issue" in the opposition proceeding by respondents' arguments and submission of certain declarations. Pet. Mem., Docket No. 2 at 10. Applying the

discretionary factors described in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) concerning a § 1782 application, the Court denied the application. In particular, the Court held that it appeared that the EPO would not be receptive to the Court's assistance because that tribunal will not make a substantive determination as to inventorship. Docket No. 37 at 11.

      Petitioner has moved for partial reconsideration of that order on the basis that the Court failed to address one of the issues as to which discovery was requested: the assignment of certain patents and patent applications. Specifically, petitioner contends that discovery is warranted concerning purportedly "facially inaccurate" documents assigning rights in United States provisional applications signed by three individuals: Habib, Lin, and Cox. Docket No. 33-2 ¶¶ 66–69. None of those individuals are named on the challenged patents, which name Zhang, Cong, Hsu, and Ran as inventors. Docket No. 37 at 3. The Court previously found that the EPO need not make a substantive determination concerning inventorship in considering the narrow question of whether the applications for the challenged patents relate back to the filing date of the United States provisional applications. *Id.* at 10. In light of that finding, the alleged inaccuracies contained in assignment documents concerning individuals who are not listed as inventors on the challenged patents do not justify discovery at this time. Petitioner has not demonstrated that the Court misapprehended its requests or arguments. The December 9, 2016 Memorandum and Order is dispositive of the arguments raised here.

      Accordingly, the motion for reconsideration is DENIED.

**So Ordered.**

                                                       /s/ F. Dennis Saylor
                                                       F. Dennis Saylor IV
                                                     United States District Judge

Dated: March 15, 2017